UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

CHARLES JOSEPH MILLER,
KIAN MALIAK MILLER,
DAMIANE BUEHRER,
CHARLES DEON DAVIS, JR., and
JARVIS JASON-ROY ASKEW,

        Defendants.
_____/

CASE NO 1: 18-CR-00041-PLM

**SUPERSEDING INDICTMENT**

The Grand Jury charges:

1. At all times relevant to this Superseding Indictment, an "animal fighting venture" was "any event, in or affecting interstate or foreign commerce, that involves a fight conducted or to be conducted between at least 2 animals for purposes of sport, wagering, or entertainment." 7 U.S.C. § 2156(g)(1).

## COUNT 1
(Conspiracy to Commit Animal Fighting Venture Offenses)

2. Paragraph 1 is incorporated by reference as though fully set forth herein.

3. Beginning on a date unknown to the Grand Jury, but no later than in or around April 2014, and continuing until at least December 7, 2017, in Ingham County, Kent County, and Hillsdale County, in the Southern Division of the Western District of Michigan, and elsewhere, the defendants,

CHARLES JOSEPH MILLER,
KIAN MALIAK MILLER,
DAMIANE BUEHRER,
CHARLES DEON DAVIS, JR., and
JARVIS JASON-ROY ASKEW,

did knowingly conspire, confederate, and agree with one another, and with persons known and unknown to the Grand Jury, to commit the following offenses in violation of 7 U.S.C. § 2156 and 18 U.S.C. § 49: (1) knowingly sponsoring and exhibiting an animal in an animal fighting venture; and (2) knowingly buying, possessing, training, transporting, delivering, and receiving any animal for purposes of having the animal participate in an animal fighting venture.

## OBJECTS OF THE CONSPIRACY

4.     The principal objects of the conspiracy were to sponsor and exhibit dogs in animal fighting ventures, and to sell, buy, possess, train, transport, deliver, and receive dogs for purposes of having the dogs participate in animal fighting ventures.

## MANNER AND MEANS OF THE CONSPIRACY

5.     The members of the conspiracy used various manners and means to effect the objects of the conspiracy, including, but not limited to, the following:

a.     Establishing and operating "kennels" to breed, train, condition, and develop pit bull-type dogs (hereinafter "dogs") for participation in dog fighting. Specifically, defendants CHARLES MILLER and CHARLES DAVIS, together with others known and unknown to the Grand Jury, operated "Stick Wit Me Kennels;" defendant KIAN MILLER operated "Action Packed Kennels;" and defendant

DAMIANE BUEHRER, together with others known and unknown to the Grand Jury, operated "Fatal Menace Kennels."

      b.      Purchasing, acquiring, and breeding dogs for use in dog fights.

      c.      Selecting dogs for participation in fights and entering into contracts for dog fights.

      d.      Sponsoring and exhibiting dogs in dog fights, including dogs that had traveled in interstate and foreign commerce.

      e.      Promoting, sponsoring, and conducting illegal gambling activities in conjunction with animal fighting ventures, including by placing bets on dog fights and collecting forfeit fees.

      f.      Learning breeding techniques, researching and identifying fighting-dog bloodlines, as well as ancestral histories and wins and losses of individual fighting dogs, for purposes of breeding dogs to maximize the dog aggressiveness of offspring.

      g.      Learning and employing dog training techniques to maximize the dog aggressiveness and fighting capacities of dogs, and acquiring, maintaining, and using equipment to train fighting dogs, including but not limited to treadmills modified to prevent a dog from getting off, weighted collars and chains to strengthen a dog's neck muscles, and "break sticks" to pry open a dog's mouth.

      h.      Researching and developing training and feeding regimens for fighting dogs, called "keeps," and using those keeps in the weeks leading up to a contracted dog fight.

      i.      Learning and using techniques to medically treat injuries sustained by dogs during dog fights.

      j.      Sharing and receiving information, advice, and techniques discussed in paragraphs (f) through (i), above, with one another and with other co-conspirators known and unknown to the Grand Jury, to advance the interests of and bolster the reputations of the defendants' dog-fighting kennels.

      k.      Contacting breeders of fighting dogs from other states and countries to purchase fighting dogs from particularly aggressive and "winning" bloodlines, or to coordinate breedings with such dogs, and shipping and transporting dogs to and from Michigan for such purposes.

      l.      Using instrumentalities of interstate or foreign commerce, including cellular phones and the internet, to communicate with various individuals and co-conspirators, known and unknown to the Grand Jury, within and outside the Western District of Michigan (including individuals in North Carolina and Ecuador), about aspects of dog fighting including, but not limited to, breeding, training and feeding regimens for fighting dogs, past and future dog fights, and reputations of specific dogs, bloodlines, and dog-fighting kennels.

      m.      Providing funding for expenses associated with dog fighting, including paying for dog food, medicine and supplements for dogs, and travel expenses for transporting dogs.

## OVERT ACTS

6. In furtherance of the conspiracy, and to effect its object, at least one of the following overt acts was committed in the Western District of Michigan by a member of the conspiracy:

7. In and around January 2017, and continuing through February 7, 2017, CHARLES MILLER used a cellular phone to coordinate with an individual in Ecuador to arrange for and facilitate the transportation of a female dog, "Pantera," to Michigan from Ecuador, following "Pantera's" breeding with a dog in Ecuador.

8. CHARLES MILLER paid for costs associated with transporting the dog "Pantera" from Ecuador to Michigan on or about February 7, 2017, by using Western Union to wire United States currency to an individual in Ecuador as follows: (a) $500 on January 8, 2017; (b) $500 on January 20, 2017; and (c) $650 on January 29, 2017, each wire being a separate overt act.

9. On or about January 30, 2017, DAVIS sent an electronic communication in interstate commerce to CHARLES MILLER to inquire about the availability of a 46-pound female dog for a contracted dog fight.

10. On or about February 27, 2017, KIAN MILLER contracted a dog fight for male dog "Esco" (A#35495), to take place on April 22, 2017, in Indiana.

11. On or about March 8, 2017, CHARLES MILLER sent an electronic communication in interstate commerce to ASKEW consisting of a video of the dog "Esco" (A#35495) training on a treadmill.

12. On or about March 16, 2017, CHARLES MILLER sent electronic communications in interstate commerce to DAVIS consisting of recorded voice messages between CHARLES MILLER and BUEHRER regarding the collection of forfeit money for a contracted dog fight that resulted in a forfeit.

13. On or about March 24, 2017, CHARLES MILLER sent an electronic communication in interstate commerce to DAVIS for the purpose of setting up a contracted dog fight between a "Stick Wit Me Kennels" dog named "Monkey" and another dog.

14. Between on or about April 22, 2017, and April 29, 2017, CHARLES MILLER collected forfeit money on behalf of KIAN MILLER for an April 22, 2017, contracted fight for dog "Esco" (A#35495), which resulted in a forfeit.

15. On or about June 7, 2017, CHARLES MILLER sent electronic communications in interstate commerce to ASKEW consisting of videos of dog fights.

16. On or about June 10, 2017, CHARLES MILLER transported dog "Esco" (A#35495) to a contracted dog fight.

17. On or about June 11, 2017, CHARLES MILLER and BUEHRER exchanged electronic communications in interstate commerce about the results of a contracted dog fight involving dog "Esco" (A#35495).

18. On or about June 20, 21, and 23, 2017, BUEHRER sent electronic communications in interstate commerce to CHARLES MILLER respecting a proposed breeding of BUEHRER's dog "Wifey" (1746-2A-2) with the dog "Esco" (A#35495).

19.     On or about June 20, 2017, BUEHRER sent electronic communications in interstate commerce to CHARLES MILLER, including one video of a dog training on a "jenny mill," and one video of a dog training on a treadmill.

20.     On or about July 9, 2017, BUEHRER sponsored and exhibited his dog "Hollywood" in a contracted dog fight.

21.     On or about July 9, 2017, BUEHRER sent an electronic communication in interstate commerce to CHARLES MILLER consisting of two videos of a contracted dog fight involving BUEHRER's dog "Hollywood."

22.     Each possession of a fighting dog as set forth in Counts 2 through 8 of this Superseding Indictment is hereby incorporated specifically and by reference as if stated herein as an individual overt act in furtherance of the conspiracy.

18 U.S.C. § 371
7 U.S.C. § 2156(a)(1)
7 U.S.C. § 2156(b)
7 U.S.C. § 2156(g)(1)
18 U.S.C. § 49

## COUNT 2
(Possession of Animals for Animal Fighting Venture)

23. Paragraph 1 is incorporated by reference as though fully set forth herein.

24. On or about June 20, 2017, in Ingham County, in the Southern Division of the Western District of Michigan, the defendant,

CHARLES JOSEPH MILLER,

did knowingly possess the following dogs for purposes of having the dogs participate in an animal fighting venture, namely: (1) male dog A#34893, known as "Night" or "Nightmare;" and (2) female dog A#34892, known as "Sammy."

7 U.S.C. § 2156(b)
18 U.S.C. § 49(a)

## COUNT 3
(Possession of Animals for Animal Fighting Venture)

25. Paragraph 1 is incorporated by reference as though fully set forth herein.

26. On or about June 23, 2017, in Ingham County, in the Southern Division of the Western District of Michigan, the defendant,

JARVIS JASON-ROY ASKEW,

did knowingly possess the following dogs for purposes of having the dogs participate in an animal fighting venture, namely: (1) female dog A#33043, known as "Little Girl;" (2) male dog A#34930, known as "Pox" or "Missel;" (3) female dog A#34929, known as "Sim;" (4) male dog A#33046, known as "Ghost;" (5) female dog A#33044, known as "Pumpkin;" (6) female dog A#34958, known as "Puppy;" (7) female dog A#34959, known as "Puppy;" (8) male dog #A34960, known as "Rusty;" and (9) male dog A#34951, known as "Blade."

7 U.S.C. § 2156(b)
18 U.S.C. § 49(a)

## COUNT 4
(Possession of Animals for Animal Fighting Venture)

27. Paragraph 1 is incorporated by reference as though fully set forth herein.

28. On or about July 27, 2017, in Ingham County, in the Southern Division of the Western District of Michigan, the defendant,

CHARLES JOSEPH MILLER,

did knowingly possess the following dogs for purposes of having the dogs participate in an animal fighting venture, namely: (1) female dog A#35513, known as "Nikki" or "Nikki Bella;" (2) female dog A#35514, known as "Michelle" or "Michelle 2.0;" (3) male dog A#35518, known as "Vili," or "Mr. Vili," or "Bili;" (4) male dog A#35517, known as "Cardi" or "Cardiac Kid 3.0;" (5) male dog A#35515, known as "Ploy;" and (6) female dog A#35516, known as "Dream" or "Dreamville."

7 U.S.C. § 2156(b)
18 U.S.C. § 49(a)

## COUNT 5
(Possession of Animals for Animal Fighting Venture)

29. Paragraph 1 is incorporated by reference as though fully set forth herein.

30. On or about July 27, 2017, in Ingham County, in the Southern Division of the Western District of Michigan, the defendant,

KIAN MALIAK MILLER,

did knowingly possess the following dogs for purposes of having the dogs participate in an animal fighting venture, namely: (1) male dog A#34541, known as "Rozay;" (2) male dog A#34538, known as "Sam;" and (3) female dog A#35501, with an unknown name.

7 U.S.C. § 2156(b)
18 U.S.C. § 49(a)

## COUNT 6
(Possession of Animals for Animal Fighting Venture)

31. Paragraph 1 is incorporated by reference as though fully set forth herein.

32. On or about July 28, 2017, in Ingham County, in the Southern Division of the Western District of Michigan, the defendant,

KIAN MALIAK MILLER,

did knowingly possess the following dogs for purposes of having the dogs participate in an animal fighting venture, namely: (1) female dog A#35497, with an unknown name; (2) male dog A#34539, known as "Coach K;" (3) male dog A#34540, known as "Motif" or "Oscar;" (4) female dog A#35494, known as "Katrina;" (5) male dog A#28077, known as "Nefertiti;" (6) male dog A#35496, known as "Scarface;" and (7) male dog A#35495, known as "Esco."

7 U.S.C. § 2156(b)
18 U.S.C. § 49(a)

## COUNT 7
(Possession of Animals for Animal Fighting Venture)

33. Paragraph 1 is incorporated by reference as though fully set forth herein.

34. On or about December 7, 2017, in Hillsdale County, in the Southern Division of the Western District of Michigan, the defendant,

### DAMIANE BUEHRER,

did knowingly possess the following dogs for purposes of having the dogs participate in an animal fighting venture, namely: (1) male dog 1746-2A-1, known as "MachoBear Jr," "Bear Jr," "Macho" or "Machobear II;" (2) female dog 1746-2A-2, known as "Wifey;" (3) female dog 1746-2A-3, known as "Sammy" or "Sam Sam;" and (4) male dog 1746-2A-4, known as "Mikey" or "Mike Mike."

7 U.S.C. § 2156(b)
18 U.S.C. § 49(a)

## COUNT 8
(Possession of Animals for Animal Fighting Venture)

35. Paragraph 1 is incorporated by reference as though fully set forth herein.

36. On or about December 7, 2017, in Kent County, in the Southern Division of the Western District of Michigan, the defendant,

CHARLES DEON DAVIS, JR.,

did knowingly possess the following dogs for purposes of having the dogs participate in an animal fighting venture, namely: (1) female dog 1746-1-1, known as "Pantera;" (2) female dog 1746-1-2, with an unknown name; (3) female dog 1746-1-3, with an unknown name; and (4) female dog 1746-1-4, with an unknown name.

7 U.S.C. § 2156(b)
18 U.S.C. § 49(a)

A TRUE BILL

_____
GRAND JURY FOREPERSON


ANDREW BYERLY BIRGE
United States Attorney

_____
KATE ZELL
HAGEN WALTER FRANK
Assistant United States Attorneys


JEFFREY H. WOOD
Acting Assistant Attorney General
Department of Justice
Environment and Natural Resources Division

_____
JENNIFER LEIGH BLACKWELL
Senior Trial Attorney
Environmental Crimes Section